Good morning. May it please the Court, my name is Kari Hong and I represent Petitioner Stephen Percelle. The government and I disagree in the briefs not over which law should apply to this case, but rather what exactly the Court of Appeal found in its decision. The government claims that the Court of Appeal determined that the habeas petition, or rather the FREDA motion was untimely. This simply is not true. The Court of Appeal, although observing that the request was made in the middle of trial, determined that it was error for the trial court to condition presenting the FREDA motion after successfully prevailing on a Marsden motion. The Court of Appeal determined it was error, but then found it harmless. And said it was harmless because there was overwhelming evidence of guilt, and furthermore, that the trial court must have somehow conducted an implicit FREDA hearing, conducted based on an implicit motion, and accordingly those implicit reasons were adequate to uphold the denial of a FREDA claim. And what does that do, if anything, then, to our standard of review under AEDPA? Well, under AEDPA, Van Lin makes it very clear, and Hirschfeld makes it very clear, that this Court has to defer to the actual reasons relied upon by the state courts in denying the appeal. It is not allowed to rely upon a hypothetical justification, even if that hypothetical justification would have been valid. What about cases in which a state court simply rules without giving a rationale for the ruling? I assume at that point we're required to give some ambideference, isn't that right? To the last reason decision. Correct. And at this point, the last reason decision was that it was error to condition the Marsden motion, or to condition the FREDA motion on the Marsden. But it was based on state law, was it not, not Federal law? Pardon? It was based upon state law. The decision to rule that way was based upon state law, not upon Federal law, right? Correct. And has the Supreme Court ruled on that specific issue? Well, it would have. In other cases, the Ninth Circuit has determined that the state law has, or the state courts have the right to determine whether a FREDA motion is timely. That's not a dispute. And also, in Van Linn, the Court noticed that timeliness could have been a legitimate issue. In Marshall, it was found to be a legitimate reason to deny a FREDA claim. But once again, that's not what the record is here. The record was simply that the Marsden motion had to be prevailed first. And so looking to that issue, that is the only issue that this Court is allowed to look at and cannot consider hypothetical. Looking at the case most sympathetically from the standpoint of your client, what we have here is the trial court in the middle of trial. The criminal defendant says, I want to do this on my own. And the state court, mistaking state law, says, okay, in order for you to get out of this, you first have to satisfy Marsden. We have a little Marsden hearing, and the Court says, sorry, you didn't satisfy Marsden. You, therefore, can't proceed. Now, that's not FREDA. FREDA is a different case and a different set of criteria. Correct. What if the Superior Court judge had said, okay, I treat this as a FREDA motion and had granted the FREDA motion or denied the FREDA motion? I'm trying to figure out, you see, if this had been a straightforward FREDA motion and the Superior Court faced with this circumstance in the middle of trial with the back and forth, I mean, we'd seen some vacillation already on the part of this. I mean, we see these cases where they can't quite decide. They get unhappy. They say yes. Then they say no. And then finally, in the middle of the trial, here we get another FREDA motion. It seems to me that a denial of a FREDA motion would have been entirely justified on these facts. So what do we do with the fact that the district judge gave the Superior Court judge just gave the wrong reason? Well, we would do the same thing that Van Lin did. Van, in that case, that, too, was a criminal state appeal, and that defendant presented her FREDA motion three weeks into a four-week trial. The trial court initially granted the FREDA motion and said, no, actually, I don't think you have enough skills, so I'm going to revoke that FREDA motion. Timeliness is not a categorical bar under California law to deny a FREDA claim. So what we have here is simply the trial court never allowed Mr. Purcell to have a FREDA hearing to present his FREDA motion. So looking at the ---- But I just heard you say, and I think you're right, timeliness is not a bar under California law for a FREDA motion. But, of course, we're now talking Federal law, and that is we know that timeliness is a potential factor in FREDA. No doubt. And if Mr. Purcell had been allowed to present his FREDA motion and the trial court said, looking at the Wyndham factors, I don't think, in my discretion, I'm going to deny this, that would be ---- that would not ---- I would not be here today because that is not something to ---- that is not an unreasonable application. But what we have here is that Mr. Purcell was not even allowed to present it under the misapplication and the mistake of the trial court that he wasn't allowed to. But you're ---- aren't you reconfirming the fact, counsel, though, that this was made based upon mistake, admittedly, but California law, and we're reviewing this under EDPA. I'm looking for a Supreme Court case that says you can't do that, and I don't know of any. Do you know of any that would say you can't do that? Well, I ---- there isn't something analogous, but I would contend that this is ---- Well, since there isn't, don't you lose under EDPA? No, because I consider this is the same area that occurred in France, that this is ---- that the application of the trial court to ---- it's not simply a closure of a FREDA right under State law, which would have been allowed. It was a simple denial to even have a FREDA hearing. And that is contrary to the rule in FREDA that allows a criminal defendant to represent himself if all factors are met. And there's a Supreme Court case that deals with those exact factual circumstances? Well, I would say that it's a contrary to FREDA rule to say that someone isn't allowed to even have a FREDA hearing. That is similar to the France hearing where there's something that was just so absurd and so out of character that the France court in the Ninth Circuit determined that that was a contrary application of FREDA and that that's what I could contend would be the ---- So you're basically saying even though that's not what the Superior Court did here, you want us to treat it as if it were a FREDA situation? Well, because he invoked the FREDA right. That wasn't ---- the court of appeal determined that he expressly asked for a FREDA hearing and it was denied under the mistake that a Morrison hearing was required first. Let me ask you this. Let me go with you for purposes of the question so far as I'm willing to say that this was a FREDA violation, that is to say he wants to represent himself. This is not a Morrison motion. He wants to represent himself. And the district judge doesn't even give him a FREDA hearing. He just says, sorry, I'm just not going to allow you to be by yourself. And I think this is a Marsden question. Okay. Then we get to harmless error. Then we get to harmless error. Why is the court of appeal wrong under the AEDPA standard of review that this error is harmless? Once again, France determined that FREDA has made clear since 1975 that a FREDA violation is a structural error because Mr. Purcell was forced to proceed with a counsel that was not of his choice. Yeah. But I agree with that. But one of the ways we might address harmless error is, as we often do with respect to Erroni's jury instructions, okay, what would the properly instructed jury have done? Maybe this is a question of if the judge had understood that this was a FREDA motion, what would the judge have done? And that inquiry is also mentioned in Van Linn where it's clear that the record, what the trial court would have done, the court doesn't have to reach it. But what we have here is the Bradford case, the Van Linn case, and the Smith case are instances where a Marsden motion was denied, but then a subsequent FREDA motion was granted. That we do not know for a fact that the trial court, if it had understood that it had to consider its request, what it would have done. And the absence of clarity contends that this is a violation and, therefore, it's structural error and, therefore, the standard for habeas is met. Okay. We've got the argument. Let's hear from the State and then you'll get a chance to respond. Thank you, Your Honor. May it please the Court, Gerald Engler representing Respondent to Warden. I think the key fact in this record appears at page 18 of the excerpts of record, and that is the statement from the court of appeal, the State court of appeal. Turning to the merits, we note that the parties agree defendant's request was untimely. There is a concession in the State record that this was an untimely FREDA motion. The reason that's a key fact is as soon as there's a concession that it's untimely, we now go out of FREDA Federal constitutional error and we go into Wyndham State error. And that is exactly what the district court, Judge Alsop, found below. Timeliness is part and parcel of the FREDA rule. If you don't have a timely motion and here there is a concession that there was an untimely motion, if you don't have a timely motion, you don't have FREDA. So the error in this case that the court of appeal found, that is, the failure to consider the request for self-representation, is an error of State law, not a Federal constitutional error.  I'm going to go back to the point that I asked counsel a little while ago. If it's State law, there is no or do you know of any Supreme Court case that expressly addresses this issue? No, I do not. There is no. Accordingly, under AEDPA, that's the end of the story. That's the end of the story. That's exactly right. This Court, this Court's precedent, the California Court's precedent is that timeliness is an aspect of FREDA. There is no U.S. Supreme Court case that says timeliness is not an aspect of FREDA. And, in fact, FREDA itself, I think in footnote 6 that talks about direct – actually it's footnote 43 in the FREDA decision talks about disruption of proceedings. That's the footnote that typically all the subsequent lower courts, State Supreme Court's, circuit courts, Federal circuit courts of appeal have looked at that and said, okay, timeliness is incorporated in the FREDA decision. So this is an error of State law. And that's also why, in answer to Judge Fletcher's question, that's also why the State court of appeal did not make a mistake in then proceeding to a harmless error determination. If it's an error of State law, of course it's entitled to apply State harmless error law. And, in fact, State law says that the Watson standard, which is much less severe than the Chapman standard, is the appropriate standard. So the State court looked at what the trial court did, and it said, well, under State law, it considered all the factors that we would have required it to consider under Wyndham. For the nonconstitutional FREDA, to say nonconstitutional FREDA is confusing. But I think the Court understands what I'm saying. For a nonconstitutional request to represent oneself, the State's Wyndham decision says, okay, now a court has discretion. A valid FREDA motion, there is no discretion. It must be granted. And it's structural error. We're not disputing that. But what we have here is a concession that this was an untimely motion. That takes it out of FREDA. So I think the Court understands our position in this matter. And unless there's any further questions, I'm happy to submit it. Thank you. Ms. Hall. Just two quick points. As a better answer to Judge Smith's question, State law under AEDBA cannot use to completely vitiate a Federal right. If there had been a Fifth Amendment violation, if he was compelled to testify against himself, if he was denied a Federal right to counsel and the State court said, well, apply a State law, he wasn't entitled to that anyway. Have you raised that in your argument below or here, other than in the oral argument? It seems to me this is a new issue you're raising. Which is the role of State law? It sounds like you're going into if you deny something in the Fifth Amendment or whatever. But here we're talking about specifically the State court applied State harmless error analysis based upon, I guess, Wyndham's case. So the question then is, is that under AEDBA something we can review to see whether it's an inappropriate application of Supreme Court law? There is no Supreme Court law dealing with that issue, is there? No, but I would contend that this is very similar to the issue in France, that the State law is so contrary to the rule of FREDA that it completely destroys it. Well, what to the point of opposing counsel that the issue of timeliness was conceded. Do you agree with that? No, because the issue by the court, and this is page 16, it was did the trial court err in insisting that defendant make a Morriston motion to discharge his attorney before the court would hear the FREDA motion. Timeliness was not considered by the court of appeal as a basis to consider the merits of the FREDA motion. That was not before the court. Timeliness occurred, but there is no case that compels denying a FREDA motion when it's raised in trial. The Bradford case occurred during the penalty phase. Van Linn occurred, you know, three-fourths into the trial. Under California law, that timeliness is not enough to completely bar it. And so our contention is that if Mr. Bursell had properly been received the right to his FREDA hearing, there's no showing that the trial court would have denied it. Okay. Thank you very much. Thank both sides for your argument. Bursell v. Cain submitted for decision.
judges: Todd, Fletcher W. , Smith M.